11 JOHNSON, J.,
would grant the writ application for the following reasons.
The decision of the court of appeal should be reversed and the case remanded to the district court to consider the claims raised in the motion to reconsider sentence on the merits.
This Court has not required a defendant to file a second motion to reconsider sentence under circumstances in which, after the trial court denied a motion to reconsider the defendant’s original sentence, the state filed an habitual offender bill under La.R.S. 15:529.1, and the court re-sentenced the defendant as a multiple offender to the same or a greater term of imprisonment. State v. Krogh, 614 So.2d 367 (La.App. 4 Cir.), remanded, 620 So.2d 1324 (La.1993). In this situation, the defendant’s complaint about his first sentence logically applies to his second sentence. See also State v. Charles, 626 So.2d 404, 406 (La.App. 4 Cir.1993) (the Krogh rule applies when the trial court reimposes the same sentence originally imposed and vacated after the court re-sentences the defendant as an habitual offender).